Parkville Realty Assn. v Woodward (2021 NY Slip Op 50175(U))

[*1]

Parkville Realty Assn. v Woodward

2021 NY Slip Op 50175(U) [70 Misc 3d 143(A)]

Decided on March 5, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 5, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2015-2986 K C

Parkville Realty Association, Respondent,
against
Karah Woodward, Appellant. 

Karah Woodward, appellant pro se.
Hertz, Cherson & Rosenthal, P.C. (David I. Paul of counsel), for respondent.

Appeal from a final judgment of the Civil Court of the City of New York, Kings County
(Marcia J. Sikowitz, J.), entered February 3, 2015. The final judgment, after a nonjury trial,
awarded landlord possession and the sum of $8,125, and dismissed tenant's counterclaim for
breach of the warranty of habitability, in a nonpayment summary proceeding.

ORDERED that the final judgment is modified by deleting therefrom the provision awarding
landlord possession and the sum of $8,125, and by substituting therefor a provision dismissing
the petition; as so modified, the final judgment is affirmed, without costs. 
In this nonpayment proceeding, the petition alleges that tenant was in possession of the
subject rent-stabilized apartment pursuant to a "written rental agreement" wherein tenant agreed
to pay $1,350 per month. Tenant answered, asserting, among other things, a general denial, and
interposing an affirmative defense and counterclaim for breach of the warranty of habitability.
Tenant appeals from a final judgment, after a nonjury trial, which awarded landlord possession
and the sum of $8,125, and dismissed tenant's counterclaim. 
It was undisputed that, in 2011, the Division of Housing and Community Renewal ordered
landlord to offer tenant an initial lease, and landlord did not demonstrate, at trial, that it had done
so. Indeed, it was undisputed at trial that the parties had not entered into a "written rental
agreement," and landlord therefore failed to establish its prima facie case in this nonpayment
proceeding. Thus, the petition should have been dismissed (see 459 Webster Ave., LLC v Green, 64 Misc 3d 146[A], 2019 NY
Slip Op 51349[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; Rutland Rd. Assoc., L.P. v Grier, 55
Misc 3d 128[A], 2017 NY Slip Op 50370[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2017]; Longobardi v Martin,
43 Misc 3d 128[A], 2014 NY Slip Op 50525[U] [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2014]).
However, the Civil Court properly dismissed tenant's counterclaim for breach of the warranty
of habitability. Even if tenant had properly demonstrated that notice had been given to landlord
regarding the conditions and that landlord had been provided with access and opportunity to
conduct any required repairs, tenant failed to demonstrate the severity and duration of any of the
conditions which would have allowed the court to calculate any appropriate damages (see
Park W. Mgt. Corp. v Mitchell, 47 NY2d 316 [1979]; 195-24, LLC v Titus, 52 Misc 3d 134[A], 2016 NY Slip Op
51027[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). 
Accordingly, the final judgment is modified by deleting therefrom the provision awarding
landlord possession and the sum of $8,125, and by substituting therefor a provision dismissing
the petition. 
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 5, 2021